UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. LULL, | No. 2:17-cv-1673-MCE-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, proceeding without counsel, is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion (ECF No. 7) and amended motion[1] to dismiss (ECF No. 9) which argues that petitioner failed to exhaust his claims in state court. Petitioner has responded to the motion (ECF No. 11) and respondent has filed a reply (ECF No. 12). After review of the pleadings, the court recommends that respondent's amended motion be granted.

I. Procedural Background

Petitioner was convicted of misdemeanor violations of California Vehicle Code Sections 23152(a) and 23152(b). He was sentenced to a ninety-six hour prison sentence and, as of January 20, 2016, is on a three year term of informal probation. Lodg. Doc. 1.[2]

---

[1] The amendment corrected citations to documents submitted with the motion.

[2] Respondent has lodged these documents in paper alongside its motion to dismiss. The

1

On July 28, 2017, the Placer County Superior Court Appellate Division affirmed petitioner's conviction. *Id.* He did not seek review of that decision from the California Court of Appeal. The instant petition was filed on August 11, 2017. ECF No. 1.

II. Applicable Legal Standards

A. Motion to Dismiss

In the context of federal habeas claims, a motion to dismiss is construed as arising under Rule 4 of the Rules Governing Section 2254 in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)). Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. As noted supra, the court may also take judicial notice of court records and does so here. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010).

B. Exhaustion

Generally, exhaustion requires that a petitioner's claims be presented to the highest court in a state system. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999). However, with respect to misdemeanants, the Ninth Circuit has held that convictions should first be appealed to the appellate division of the superior court in which the misdemeanant was convicted. *See McMonagle v. Meyer*, 802 F.3d 1093, 1096, 1099 (9th Cir. 2015). If the conviction is affirmed by the appellate division, the misdemeanant may then request certification of the case for transfer to the California Court of Appeal for further review. *Id.* If the transfer request is denied, then the

---

court may take judicial notice of court records and does so here. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010). Accordingly, the documents are properly considered in addressing this motion to dismiss.

2

misdemeanant has fully exhausted. *Id.* The *McMonagle* court also noted, however, that ineffective assistance of counsel claims should be raised and exhausted via state collateral proceedings. *Id.* at 1099 n. 1.

III. Analysis

Respondent argues that petitioner failed to request certification to transfer his case to the California Court of Appeal and, thus, failed to exhaust his claims. The court agrees. Petitioner offers neither argument nor evidence that he requested such a transfer. Instead, he simply states that his Fourth Amendment seizure of evidence claim has already been exhausted, though he offers no satisfactory explanation (or relevant documentation) for how this is so. ECF No. 11 at 5. Petitioner does state that ineffective assistance of counsel prejudiced his pursuit of exhaustion by way of failing to raise certain arguments in his appeal to the superior court's appellate division (*id.*), but this argument is unavailing. *See, e.g., Hernandez v. California*, No. C08-4085, 2010 U.S. Dist. LEXIS 54118, 2010 WL 1854416, at *2 (N.D. Cal. May 6, 2010) (finding appellate counsel's refusal to present claims on appeal is common occurrence of everyone with unexhausted claims)[3]; *see also Gray v. Ryan*, 2010 U.S. Dist. LEXIS 127468, 2010 WL 4976953 at *4 (S.D. Cal. 2010). And, in any event, petitioner did not request a transfer for the denial of self-representation claim which he *did* raise before the superior court appellate division. *See* ECF No. 1 at 17. Thus, none of petitioner's claims are exhausted.

Finally, petitioner is not excused from exhaustion by an argument that it is now too late to present his claims in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) ("The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by 'letting the time run' so that state remedies were no longer available.").

/////

/////

---

[3] Additionally, as respondent points out in their reply, petitioner could have raised his ineffective assistance claim by way of a habeas petition to the California Supreme Court. He has not done so, however.

3

IV. <u>Conclusion</u>

Accordingly, it is RECOMMENDED that respondent's motion to dismiss (ECF No. 9) be GRANTED and the petition be dismissed without prejudice as unexhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 12, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE